UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MICHAEL DIRIENZO,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:25-cv-01028-DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 13, 18, 19, 20, 34, 42, 54) |

Plaintiff Alexander Michael Dirienzo is proceeding in this action pro se.[1] Pending before the Court are the following motions: (1) Defendants County of Marin, Sheriff Jamie Scardina, and Deputy Emily Cushman's (collectively "Marin Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, to sever and dismiss claims against the Marin Defendants pursuant to Rule 21 (ECF No. 13); (2) Defendants Rachelle Whiting and Barbara Yook's (collectively "Whiting Defendants") amended motion to quash service pursuant to Rule 12(b)(5) (ECF No. 18); (3) Defendant ATA Towing, Inc.'s motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, or in the alternative, for a more definite statement pursuant to Rule 12(b)(e), or to sever and dismiss pursuant to Rule 21 (ECF

_____

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

No. 19); (4) Defendant Leigh Fleming's motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction and pursuant to 12(b)(6) for failure to state a claim (ECF No. 20); (5) Defendants State of California, Attorney General Rob Bonta, Shirley N. Weber, Steve Gordon,[2] Office of Risk and Insurance Management, and Richardo Lara's (collectively "State Defendants") amended motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction, failure to state a claim pursuant to Rule 12(b)(6), and insufficient service of process pursuant to Rule 12(b)(5) (ECF No. 34); and (6) Plaintiff's motion to file a third amended complaint (ECF No. 42). Briefing is closed for all motions. Pursuant to Local Rule 230(g), the Court submitted the motions upon the record and briefs on file and vacated the respective hearings. *See* 9/10/2026 Order (ECF No. 52); 9/24/2026 Order (ECF No. 53). Plaintiff has also filed a motion for "limited in forma pauperis" (ECF No. 54). The Court also submits Plaintiff's motion for "limited in forma pauperis" (ECF No. 54) upon the record pursuant to Local Rule 230(g).

For the reasons that follow, the Court RECOMMENDS the following: GRANTING Defendant Fleming's motion to dismiss (ECF No. 20) and State Defendants' amended motion to dismiss (ECF No. 34) for lack of jurisdiction without leave to amend; DENYING as moot Marin Defendants' motion to dismiss (ECF No. 13), Whiting Defendants' motion to quash service (ECF No. 18), and Defendant ATA Towing, Inc.'s motion to dismiss (ECF No. 19); and DENYING as moot Plaintiff's motion for "limited in forma pauperis" (ECF No. 54). Furthermore, the Court ORDERS Plaintiff's motion to file a third amended complaint (ECF No. 42) is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2]   Defendant Steve Gordon states he was erroneously named as "Steve Gibbons." ECF No. 34 at 2.

## I.      BACKGROUND

### A.      Factual Allegations[3]

The Second Amended Complaint alleges what appears to be two separate incidents against various defendants and individuals not named as defendants.

The first incident involves a December 2023 stop by Calaveras County Sheriff's officers and subsequent state court proceedings. On or around December 10, 2023, Plaintiff was pulled over by four Calaveras County Sheriff's officers for not having a functioning taillight. SAC at 3. Plaintiff was searched by "CHP Officer Grant" and told that his vehicle and trailer would be "untouched," and was then taken to jail. *Id*. at 3-4. After Plaintiff was released from jail, Plaintiff alleges his truck and trailer were unlocked, searched, and that things were missing. *Id*. at 4. Plaintiff sent the "District Attorney" a request for discovery and that a court clerk verbally told Plaintiff "you have been exonerated of any crimes." *Id.* Plaintiff attempted to retrieve his property from the Calaveras County Sheriff's department but was told he needed a release from the "District Attorney." *Id.* Plaintiff was later told the "Calaveras District Attorney" was planning to charge him. *Id.* Plaintiff further alleges on or about October 2024, Plaintiff received a "notice of claim." SAC at 4. Plaintiff sent a copy of "Common Law Copyright Notice" and "Legal Notice and Demand" to Defendant Barbara Yook warning against copyright infringement for using his name, which Plaintiff alleges is "a registered trademark and copyrighted." *Id*. at 4. Plaintiff further alleges that during his arraignment, Defendants Judge Timothy Healy and Leigh Fleming coerced him into signing a release and agreement to appear at a future court hearing for December 9, 2024 even though Plaintiff contested jurisdiction. *Id*. at 5. Plaintiff also asserts he "had the right of immunity and to ignore the meritless proceedings from the judge and his attempt to assume

---

[3]   These facts primarily derive from the Second Amended Complaint ("SAC") (ECF No. 11), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

jurisdiction." *Id*. at 4-6. Plaintiff asserts Defendant Judge Timothy Healy received a copy of "Common Law Copyright Notice" and "Legal Notice and Demand." *Id*. at 6.

The second incident occurred in Marin on an unknown date. Plaintiff alleges he was traveling on the 101 highway in the Marin area on an unknown date when he was pulled over by "six un-named pirates impersonating government officers." *Id*. at 6. Plaintiff stated to them that he was a "Private Attorney General of the United States of America" but that Plaintiff was demanded to exit his vehicle and was told there was a warrant for his arrest. *Id.* Plaintiff was arrested and "kidnapped" and brought to the Marin County jail. *Id.* Plaintiff alleges his vehicle was sold and his personal property was discarded by the "tow company." *Id*. at 7.

In the SAC, Plaintiff identifies as a "sovereign," a "flesh and blood man," and "Secured Party." SAC at 9, 11, 14. Plaintiff also states he is the "authorized representative, executor, and heir for Alexander Michael Dirienzo Estate, California UCC # 20242011419, Security Agreement# 08281966-AMD-SA and a lien creditor, entitlement holder, grantor, heir, executor, administrator and national of California State." *Id.* at 1.

### B.   Procedural Background

Plaintiff initiated this action on April 4, 2025. (ECF No. 1.) On May 9, 2025, Plaintiff filed his First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (ECF No. 8.) On May 15, 2025, Plaintiff filed his SAC.[4] Plaintiff brings this action against the Marin Defendants, Whiting Defendants, State Defendants, Defendants ATA Towing, Inc., Leigh Fleming, and Judge Timothy Healy. SAC at 1. Plaintiff provides a string citation of various laws, statutes, and other miscellaneous citations (SAC at 2-3, 7-17), but does not state a specific claim against any specific defendant. *See generally* SAC.

---

[4]   Although the Court could strike the SAC for Plaintiff's failure to seek leave of court or consent from the opposing parties to file the SAC pursuant to Rule 15(a)(2), the Court will accept the filing in light of the fully briefed motions to dismiss the SAC.

On June 17, 2025, Marin Defendants filed a motion to dismiss. (ECF No. 13.) On June 18, 2025, Whiting Defendants filed their motion to quash, which they subsequently amended to properly notice the motion before the undersigned. (ECF Nos. 15, 18.) Defendant ATA Towing filed its motion to dismiss on June 24, 2025. (ECF No. 19.) On July 2, 2025, Defendant Leigh Flemming filed a motion to dismiss. (ECF No. 20.) On the Court's own motion, Marin Defendants, Defendants ATA Towing and Flemmings' motions to dismiss (ECF Nos. 13, 19, 20) and Whiting Defendants' motion to quash (ECF No. 18) were reset for a hearing on August 28, 2025 before the undersigned. 7/9/2025 Order (ECF No. 22).

On July 14, 2025, the Court issued an Order to Show Cause directing Plaintiff to show cause for failure to file a timely opposition or statement of non-opposition to the motions filed by Marin Defendants and Whiting Defendants. 7/14/2025 Order (ECF No. 23). On August 8, 2025, the Court discharged the Order to Show Cause due to the filing of Plaintiff's response (ECF No. 26). 8/8/2025 Order (ECF No. 35). On July 23, 2025, Plaintiff filed a motion for extension of time to file his oppositions to the motions, which the Court granted on August 8, 2025. (ECF Nos. 28, 36.)

On August 7, 2025, State Defendants filed an amended motion to dismiss. (ECF Nos. 33, 34.) On August 18, 2025, Plaintiff filed his oppositions to Marin Defendants, Whiting Defendants, State Defendants, Defendants ATA Towing and Flemming's motions. (ECF Nos. 37-41.) Plaintiff also filed a motion to file a Third Amended Complaint. (ECF Nos. 42, 51.) Marin Defendants, Whiting Defendants, and Defendant ATA Towing filed their replies on August 26, 2025 and State Defendants and Defendant Flemming filed their replies on August 27, 2025. (ECF Nos. 44-48.) On September 10, 2025, the Court took Marin Defendants, Whiting Defendants, State Defendants, Defendants ATA Towing and Fleming's motions under submission on the papers, without oral argument, and vacated the hearing. 9/10/2025 Order (ECF No. 52). The Court also took Plaintiff's motion to file a Third Amended Complaint under submission without appearance and argument and vacated the hearing. 9/24/2025 Order (ECF No.

53). On December 1, 2025, Plaintiff filed a motion for limited in forma pauperis to effectuate service. (ECF No. 54.)

To date, Defendant Judge Timothy Healy has not appeared in this action. *See* Docket.

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction

6

can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III.    DISCUSSION

State Defendants and Defendant Fleming move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Because the Court finds the SAC fails to establish the Court's subject matter jurisdiction, the Court need not address the alternative grounds for dismissal raised.

### A.    Lack of Federal Jurisdiction

State Defendants argue Plaintiff fails to establish standing and does not raise issues arising under federal law. State Defs. Mot. at 3-5 (ECF No. 33). Defendant Fleming also argues Plaintiff's allegations fail to implicate issues of federal law. Def. Fleming at 4 (ECF No. 20). The Court finds the SAC fails to establish the court's subject matter jurisdiction and finds the SAC is frivolous.

The SAC asserts jurisdiction based on federal law. SAC at 2 (citing 28 U.S.C. § 1331). However, the SAC does not adequately present any federal question. On the contrary, the SAC merely string cites various laws, statutes, and other miscellaneous citations. *See generally* SAC at 2-3, 7-17. Federal question jurisdiction requires a civil action to arise under the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks and citation omitted). While Plaintiff lists over 50 various federal provisions, the SAC does not contain a short and plain statement showing that Plaintiff is entitled to relief under any of those provisions as required by Federal Rule of Civil Procedure 8. The SAC is confusing and pleads multiple federal provisions without identifying which specific facts relate to which claim. *See also Hughey v. Drummond*, 2014 WL 5797365,

at *5 (E.D. Cal. Nov. 6, 2014) ("Shotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim."). The SAC also does not allege that there is diversity of citizenship between the parties. From the face of the SAC, it appears that all parties are from California. *See* SAC. Therefore, the Court lacks subject matter jurisdiction under both diversity and federal question.

Further, the Court lacks subject matter jurisdiction over frivolous cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 83 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "immaterial, wholly insubstantial and frivolous, or otherwise so devoid of merit as not to involve a federal controversy."); *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). Here, Plaintiff's allegations are entirely based in sovereign citizen ideology. *See* SAC. "While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Caetano v. Internal Revenue Serv.*, 2023 WL 3319158, at *2 (E.D. Cal. May 9, 2023), *report and recommendation adopted*, 2023 WL 4087634 (E.D. Cal. June 20, 2023). The Ninth Circuit has rejected arguments premised on sovereign citizen ideology as "utterly meritless" and numerous courts have summarily rejected claims based on sovereign citizen conspiracy theories. *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *see also United States v. Ward*, 182 F.3d 930, at *2 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument" and that "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them.") (collecting cases);

8

*United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (sovereign citizen arguments should be "rejected summarily, however they are presented" and "[r]egardless of the individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being'"). Therefore, the Court lacks subject matter jurisdiction over this frivolous action.

### B.   Leave to Amend

The SAC does not present a cogent, non-frivolous claim. In light of the Court's lack of subject matter jurisdiction and the SAC's deficiencies, the Court finds granting leave to amend would be futile. Accordingly, leave to amend should be denied.

### C.   Other Pending Motions

In light of the Court's recommendation that this action be dismissed for lack of subject matter jurisdiction, the Court also recommends denying the following motions as moot: Plaintiff's motion for limited in forma pauperis (ECF No. 54), Marin Defendants' motion to dismiss (ECF No. 13), Whiting Defendants' motion to quash (ECF No. 18), and Defendant ATA Towing's motion to dismiss (ECF No. 19).

In addition, because the Court finds amendment is futile for the reasons stated above, the Court denies Plaintiff's motion to file a Third Amended Complaint (ECF No. 42). *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). The Court also notes that Plaintiff has already filed three separate complaints, and the Third Amended Complaint would be his fourth complaint.

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to file a third amended complaint (ECF No. 42) is DENIED.

Further, based upon the findings above, it is RECOMMENDED:

1.   Defendant Fleming's motion to dismiss (ECF No. 20) for lack of jurisdiction be GRANTED;

9

2. State Defendants' amended motion to dismiss (ECF No. 34) for lack of jurisdiction be GRANTED;

3. Marin Defendants' motion to dismiss (ECF No. 13) be DENIED as moot;

4. Whiting Defendants' motion to quash service (ECF No. 18) be DENIED as moot;

5. Defendant ATA Towing, Inc.'s motion to dismiss (ECF No. 19) be DENIED as moot;

6. Plaintiff's motion for limited in forma pauperis (ECF No. 54) be DENIED as moot; and

7. The Clerk of the Court close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 16, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, diri1028.25